IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFTON GANN,

                              Plaintiff,                          OPINION & ORDER

          v.                                                        14-cv-198-jdp

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

---

Plaintiff Clifton Gann seeks judicial review of a final decision of the Commissioner of Social Security finding him not disabled within the meaning of the Social Security Act. Plaintiff contends that remand is warranted because the Administrative Law Judge (ALJ) wrongly discredited the opinions of plaintiff's treating physician and erred by mechanically applying age categories to plaintiff. The court disagrees and will affirm the Commissioner's decision.

BACKGROUND

**A.  Procedural Background**

Plaintiff, born in 1956, has a GED and four years of college education. He last worked as a can recycler at Del Monte in August 2012. Plaintiff sought Social Security disability insurance benefits alleging that he had been disabled since December 22, 2010, due to back pain and depression. Plaintiff's application was denied initially and upon reconsideration. After a hearing, ALJ John H. Pleuss denied plaintiff's application on the grounds that plaintiff had the residual functional capacity (RFC) to perform less than the full range of medium work and could perform past relevant work in addition to other work. R. 15-27.[1] Plaintiff's request for review

---

[1] The record citations are to the Administrative Record, Dkt. 10 and Dkt. 10-1.

was denied by the Appeals Council, making ALJ Pleuss's decision the final determination of the Commissioner. On March 13, 2014, plaintiff sought judicial review in this court pursuant to 42 U.S.C. §405(g).

## B.  Relevant Medical Evidence

The medical evidence includes records from several physicians. Three are particularly relevant in this review: Dr. Robert Sander, plaintiff's treating physician; and Dr. Pat Chan and Dr. Syd Foster, state-agency medical consultants.

Dr. Sander first saw plaintiff in October 2007, R. 365-368, and treated plaintiff through at least November 2012, R. 400-402. Plaintiff went to Dr. Sander with complaints of low back pain that had started after a car accident at least 10 years prior. R. 365. At that first appointment, Dr. Sander noted no tenderness and mild discomfort in plaintiff's back, concluding that he had "no signs of any significant disease process . . . [and that] a lot of this is just old osteoarthritis from prior trauma along with a lack of flexibility." R. 367.

Over the years, Dr. Sander noted: little to no tenderness;[2] mild discomfort;[3] flares or severe pain on a very occasional basis;[4] difficulty with prolonged standing;[5] and that plaintiff was doing fairly well.[6] Dr. Sander further noted degenerative changes, at times characterized as mild. R. 280, 282. In addition, Dr. Sander often commented that plaintiff's low back discomfort was primarily related to poor flexibility and/or strength, and he encouraged plaintiff to do

---

[2] R. 357, 07/18/08; R. 347, 07/06/09; R. 345, 08/18/09; R. 406, 03/28/12; R. 404, 08/10/12 ("focal tenderness"); and R. 401, 11/06/12 ("tenderness").

[3] R. 357, 07/18/08; R. 274, 09/09/10; and R. 406, 03/28/12.

[4] R. 272, 10/27/10; R. 329, 12/05/11; and R. 406, 03/28/12.

[5] R. 346, 07/06/09; R. 277, 06/18/10; R. 274, 09/09/10; R. 272, 10/27/10; and R. 329, 12/05/11.

[6] R. 345, 08/18/09; and R. 277, 06/18/10.

stretching exercises.[7] In March 2012, Dr. Sander completed a Physical Work Capacity Questionnaire, in which he wrote: "Patient has a mild disability that is typical of a man of his age and he simply needs to find a job that is within his mild limitations." R. 375-380. He also indicated that plaintiff could (1) walk an unlimited number of blocks without rest or severe pain and (2) could stand or walk only four hours in an eight-hour workday. R. 377. This last limitation of the amount of time plaintiff could stand or walk is a central issue in this appeal.

Dr. Chan completed a Physical Residual Functional Capacity Assessment in June 2011. R. 289-296. In it, Dr. Chan imposed only exertional limitations. *Id.* He opined that plaintiff could: occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; and perform unlimited pushing and/or pulling. R. 290. Dr. Chan further noted that an x-ray showed mild findings, which was consistent with plaintiff's reports and activity. *Id.* Dr. Foster affirmed Dr. Chan's assessment in October 2011. R. 305.

**C. The Administrative Hearing and Decision**

On January 10, 2013, the ALJ held a 39-minute hearing during which he took testimony from two witnesses, plaintiff and Allen Noll, a vocational expert (VE). R. 32-56. The documentary evidence, including plaintiff's medical records summarized above, was admitted without objection.

Plaintiff testified that, before his employment as a can recycler, he held jobs as a dishwasher, fry cook, cleaner, cashier, test grader, car detailer, and food-product packager. Many of these jobs were temporary positions that required plaintiff to be on his feet. Plaintiff stated

---

[7] R. 347, 07/06/09; R. 278, 06/18/10; R. 276, 09/09/10; R. 406, 03/28/12; R. 404-05, 08/10/12; and R. 402, 11/06/12.

that he is unable to work now because he has arthritis and difficulty standing for more than 30 minutes. He further stated that he could work an eight-hour day for five consecutive days if he alternated between standing for 30 minutes and sitting for 10-15 minutes.

The ALJ asked the VE a series of hypothetical questions involving a person with plaintiff's limitations, all of which assumed a person of plaintiff's age, education, and work history. R. 50-55. The ALJ and plaintiff's counsel addressed whether such a person could perform any of plaintiff's past work, which was characterized by the VE as unskilled, light to medium work. The initial limitations posed by the ALJ were: medium work; only occasional interaction with the general public or supervisors; and few, if any, workplace changes. The ALJ asked the VE whether a person with these limitations could perform any of plaintiff's past work. The VE opined that such a limited worker could be a test technician, salvage laborer, kitchen helper, or packager. Counsel for plaintiff asked the VE if such a limited worker could do this past work if he were further limited to lifting 10-20 pounds and to standing and walking for no more than four hours. Characterizing such work as sedentary, the VE opined that such a limited worker could not do this past work. However, the VE clarified upon questioning by the ALJ that if not limited to sedentary work, a person limited to standing and walking for no more than four hours could perform some of plaintiffs' past work, namely test technician.

The ALJ also asked the VE whether the hypothetical person with the initial limitations (medium work, occasional interaction, and few workplace changes) could perform jobs other than plaintiffs' past work. The VE responded that, yes, such a limited worker could be a janitor or cleaner, and that there were significant numbers of such positions in Wisconsin. The VE also stated that such a limited worker could be a production worker or a production worker helper, and that there were 800 and 4,000 of such positions, respectively, in Wisconsin.

The ALJ issued a decision on January 18, 2013, concluding that plaintiff was not

4

disabled from December 22, 2010, through the date of the decision. R. 15-27. In short, the ALJ discounted Dr. Sander's opinion that plaintiff was limited to four hours of standing or walking in an eight-hour day because the ALJ found that it was inconsistent with Dr. Sander's notes and with other evidence in the record. R. 24-25. The ALJ concluded that plaintiff had the RFC to perform less than the full range of medium work, limited to occasional interaction with the general public or supervisors and to few workplace changes. Plaintiff had past relevant work, and the ALJ found that plaintiff was capable of performing past relevant work and other work. For these reasons, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.

ANALYSIS

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Even so, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence. *See Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992). Rather, "the court must conduct a critical review of the evidence before affirming the [C]ommissioner's decision, and the decision cannot stand if it lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Hemminger v.*

*Astrue*, 590 F. Supp. 2d 1073, 1079 (W.D. Wis. 2008) (internal citations omitted). To provide the necessary support for a decision to deny benefits, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

Plaintiff argues that remand is warranted because the ALJ wrongly discredited the opinions of plaintiff's treating physician and improperly applied age categories to plaintiff. After reviewing the record in this case, the court concludes that the ALJ properly weighed Dr. Sander's opinions and did not err by mechanically applying age categories to plaintiff.

## A.  Dr. Robert Sander

Plaintiff contends that remand is warranted because the ALJ wrongly discredited portions of the opinions of Dr. Sander, plaintiff's treating physician. The ALJ gave great weight to Dr. Sander's assessment that plaintiff's exertional limitations were generally mild. However, the ALJ gave no weight to Dr. Sander's opinion that plaintiff was limited to four hours of standing or walking in an eight-hour day, or his opinion that plaintiff was limited in his ability to reach and handle. Plaintiff contends that the ALJ was wrong to discredit Dr. Sander's opinion, particularly the limit that plaintiff could stand or walk for no more than four hours a day.

A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford*, 227 F.3d at 870; *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 20 C.F.R. § 404.1527(c). SSR 96-2p further explains that the phrase "not inconsistent" means that "there is no other substantial evidence in the case record that contradicts or conflicts with the opinion," and cites as an example of inconsistency "when two medical sources provide inconsistent medical opinions about the same issue." The Social Security regulations require "[a]n ALJ who chooses to reject a treating physician's opinion [to]

6

provide a sound explanation for the rejection [and] provide an account of what value the treating physician's opinion merits." *Jelinek*, 662 F.3d at 811.

Plaintiff attacks each of the three reasons that the ALJ gave for discounting Dr. Sander's opinion. First, plaintiff attacks the ALJ's conclusion that Dr. Sander's opinion was internally inconsistent. The ALJ wrote:

> Dr. Sander indicates that the claimant has no limitation on walking, but then opines that he could stand or walk no more than four hours in an eight-hour day. Likewise, Dr. Sander reported limited ability for reaching and handling, but then stated that the claimant has no restriction of upper extremity functioning.

R. 24. Plaintiff makes a fair point, because the two aspects of Dr. Sander's opinion are not incompatible. In the Physical Work Capacity Questionnaire completed by Dr. Sander, he opined that plaintiff could walk an "unlimited" number of city blocks without rest or severe pain. R. 377. Dr. Sander also opined that plaintiff could stand *or* walk a total of "about 4 hours" in an eight-hour workday. *Id*. Dr. Sander's opinion that plaintiff could walk an unlimited *distance* is not inconsistent with the opinion that plaintiff could stand or walk only for a limited total *time* in a workday. Thus, the purported inconsistency would not be a good reason to discount Dr. Sander's assessment of how much time plaintiff could be on his feet during a workday.

Plaintiff's remaining arguments, however, are not compelling. The ALJ also found that Dr. Sander's opinions about plaintiff's limitations in standing/walking and his limitations in reaching and handling were not supported by the record. Despite plaintiff's argument to the contrary, the ALJ sufficiently identifies medical evidence inconsistent with Dr. Sander's proposed limitations. The ALJ pointed to records indicating that plaintiff experienced mild degenerative changes, tenderness, and muscle tightness in his back, to be treated in part by stretching and strengthening exercises. R. 21-22. Dr. Sander himself agreed with this assessment, characterizing plaintiff's condition as mild, *e.g.*, R. 402, and encouraging plaintiff to

7

exercise, *e.g.*, R. 404-405. Summing up his evaluation in the Physical Work Capacity Questionnaire, Dr. Sander wrote: "Patient has a mild disability that is typical of a man of his age and he simply needs to find a job that is within his mild limitations." R. 380. The ALJ noted Dr. Sander's own assessment of plaintiff's mild limitations and relied on it in weighing Dr. Sander's opinions. R. 24.

Finally, plaintiff argues that remand is necessary because the ALJ failed to assess each the regulatory factors in weighing Dr. Sander's opinions. In weighing medical opinions, an ALJ should consider the: (1) length, nature, and extent of the treatment relationship; (2) frequency of examination; (3) physician's specialty; (4) types of tests performed; and (5) consistency and supportability of the physician's opinion. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (citations omitted); 20 C.F.R. § 404.1527(c). The ALJ is not required to mechanically walk through all of the § 1527(c) factors, but he must explain each factor that is material to his decision. In this case, the ALJ relied extensively on the evidence provided by Dr. Sander, especially his treatment notes. The ALJ adequately addressed the factors that were material to his decision to discount certain of Dr. Sander's responses to the Physical Work Capacity Questionnaire.

## B. Plaintiff's age

The issue here is whether plaintiff should have been classified as being of advanced age (55 and older), and if so, whether he would have been disabled under the applicable provisions of the Social Security Administration's Medical-Vocational Guidelines (MVG).

Plaintiff contends that the ALJ erred by mechanically applying age categories to plaintiff in a borderline situation. Plaintiff's alleged onset date of December 22, 2010, is approximately three months before his 55th birthday. The MVG "discuss[es] the relative adjudicative weights which are assigned to a person's age, education, and work experience. Three tables in Appendix

8

2 illustrate the interaction of these vocational factors with his or her RFC." SSR 85-15. Plaintiff

cites Rule 202.06 of the MVG for the proposition that, had the ALJ properly classified plaintiff

as being of advanced age, plaintiff would be entitled to a finding of disability. 20 CFR Pt. 404,

Subpt. P, App. 2, Rule 202.06.

However, the Commissioner correctly points out that the MVG applies where a claimant

cannot do past relevant work. 20 CFR Pt. 404, Subpt. P, App. 2, § 200.00 (a) (stating that the

MVG applies where "the individual's impairment(s) prevents the performance of his or her

vocationally relevant past work"); SSR 83-10. The ALJ found that plaintiff could perform past

relevant work, so that provision of the MVG did not apply.

In addition, Rule 202.06 (as part of Table 2) applies to maximum sustained light work,

whereas the ALJ found that plaintiff could perform less than the full range of medium work with

non-exertional limitations. Thus, plaintiff's RFC does not fit squarely within the MVG's tables,

and the ALJ properly relied on the regulations in rendering his decision. The MVG explains:

> [A]n individual's ability to engage in substantial gainful work where his
> or her residual functional capacity falls between the ranges of work
> indicated in the rules (e.g., the individual who can perform more than
> light but less than medium work), is decided on the basis of the
> principles and definitions in the regulations, giving consideration to the
> rules for specific case situations in this appendix 2.

20 CFR Pt. 404, Subpt. P, App. 2, § 200.00 (d); *see also* 20 CFR Pt. 404, Subpt. P, App. 2,

§ 200.00 (e) ("[I]n these combinations of nonexertional and exertional limitations which cannot

be wholly determined under the rules in this appendix 2, full consideration must be given to all

of the relevant facts in the case in accordance with . . . the regulations.); *Haynes v. Barnhart*, 416

F.3d 621, 628 (7th Cir. 2005) ("[W]hen a claimant does not precisely match the criteria set

forth in the grids, the grids are not mandated."). In other words, when the MVG grids do not

apply, the ALJ evaluates a claimant's RFC according to the usual regulations, as the ALJ did

here.

## ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED and plaintiff Clifton Gann's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered March 31, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge